Franklin Service Station
vs.
Sterling Motor Truck Co. of
N. E.

No. 79291.

May 22, 1929.

BLODGETT, P. J. Action of trover to recover value of two truck tires. Heard jury trial waived.

May 29, 1928, plaintiff sold to George Penta two 40 x 4½ Firestone truck tires. Plaintiff removed two tires from the Penta truck and replaced them by the two tires in controversy. The truck and the tires so removed were subjected to a mortgage given by Penta to the defendant, dated September 6, 1927, and duly recorded. The tires so removed were sold by plaintiff to Penta on a lease.

The truck was taken possession of by the defendant under the terms of its mortgage. The plaintiff on November 8, 1928, demanded of defendant—the truck being in possession of defendant at this time—the return of the two tires then on said truck, being the two tires sold to Penta. Upon refusal of defendant to return the tires this action of trover was brought.

Under the terms of this lease the title to the tires in question remained with the vendor, the present plaintiff, until paid for. It is admitted that the conditions of the lease were broken. The sole question which arises is whether the tires put on the truck by plaintiff in place of those removed were covered by the mortgage held by defendant.

The mortgage by Penta to defendant was duly recorded within the statutory period. The mortgage contained the following provision, conveying to defendant "One certain 5 ton Kelly Springfield truck * * * together with all accessories & attachments thereto, & all equipment thereto of. together with all added & substituted parts & equipment placed upon said property during the life of this mortgage, whether because of necessity, repairs or otherwise." When plaintiff took off the original tires and placed new tires upon said truck, it had notice of the provisions of the mortgage above stated.

In the opinion of the Court the cases cited by plaintiff in support of its contention are not analogous to the present case.

Decision for defendant for costs.

For complainant: Comstock & Canning.

For respondents: Terence M. O'Reilly.